IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERRENCE CROSLIN, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-823 |
| CHRYSLER FINANCIAL, LLC | : | |

...o0o...

## MEMORANDUM

Plaintiff Errence Croslin ("Mr. Croslin"), representing himself, has filed suit against defendant Chrysler Financial Services Americas LLC ("Chrysler Financial") for what appears to be an alleged conversion of funds from Mr. Croslin's bank account. Now pending is Chrysler Financial's motion to dismiss on the grounds that this court lacks subject matter jurisdiction over Mr. Croslin's claim. Mr. Croslin, having been given notice, replied. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion to dismiss will be granted.

## BACKGROUND

Mr. Croslin is a citizen of Maryland and a customer of Chrysler Financial, a limited liability corporation headquartered in Michigan. At some point early in 2009, Mr. Croslin authorized Chrysler Financial to withdraw $453.97 from his bank account in order to make a car payment on behalf of his mother, Barbara Croslin. The payment was made via Chrysler Financial's automated withdrawal system, which required voice confirmation from Mr. Croslin. However, after withdrawing this initial sum, Chrysler Financial allegedly withdrew an additional $453.97, which Mr. Croslin did not authorize. Because of this additional unauthorized

1

withdrawal, Mr. Croslin's account became overdrawn, resulting in several fees and penalties. Additionally, Mr. Croslin was unable to make payments on his water bill, electric bill, or student loans as a result of the account's negative balance. Mr. Croslin has not alleged any damages other than the unauthorized withdrawal of $453.97 and an unnamed amount of "penalties fees." (Pl.'s Compl. at 1.) Mr. Croslin filed a pro se complaint *in forma pauperis* against the defendant on March 31, 2009. In response, the defendant filed a motion to dismiss or, in the alterative, to quash service of process on June 8, 2009. After correspondence with the court concerning the difficulties of service with pro se litigants, the defendant withdrew its motion on June 30, 2009. On the same day, the Chrysler Financial filed a new motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").

## ANALYSIS

A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When faced with such a motion, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If the plaintiff fails to allege any set of facts upon which the court may base jurisdiction, the motion must be granted. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

Federal district courts have limited subject matter jurisdiction, possessing "only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell*, 551 U.S. 205, 212 (2007)). Generally, our subject

matter jurisdiction in civil suits is limited to two contexts: (1) where there is complete diversity of citizenship between the parties; and/or (2) where a federal question has been raised.  *See* 28 U.S.C. §§ 1331 (federal question) & 1332 (diversity); *see also Rayner v. Smirl*, 873 F.2d 60, 63 (4th Cir. 1989) (noting that, in the absence of diversity jurisdiction, a federal district court may only exercise subject matter jurisdiction if it has been presented with a properly pleaded federal question).

      Mr. Croslin appears to assert that subject matter jurisdiction is warranted here based upon diversity of citizenship.[1]  District courts may only exercise subject matter jurisdiction over suits in diversity, however, if the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and the amount in controversy here falls far below the this statutory minimum.[2]  Accordingly, because diversity jurisdiction is precluded by the amount in controversy, and because there is no other basis for subject matter jurisdiction[3],

---

[1] Although Mr. Croslin offered no bases for jurisdiction in either his complaint or his accompanying civil cover sheet, he did indicate his view in the civil cover sheet that he was a citizen of Maryland and that Chrysler Financial had its principal place of business in another state.

[2] As previously noted, Mr. Croslin has not alleged any damages other than the unauthorized withdrawal of $453.97 and an unspecified amount of "penalties fees."  While these fees may be extensive, Mr. Crolin does not allege that they total anywhere in the vicinity of $75,000.  Moreover, it is highly unlikely that any reasonable jury or factfinder could award damages in the amount of $75,000 based upon his complaint.  *Cf. St. Paul Mercury Indem. Co.v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.")

[3] Mr. Croslin's lone statement in his complaint that "without my written or verbal permission if a company withdraws funds without one of the two consents [sic] and it is done

Chrysler Financial's motion must be granted.

So Ordered this  29th  day of   July  , 2009.

                                                              /s/
                                     Catherine C. Blake
                                     United States District Judge

---

electronicly [sic] it is a Federal offends [sic]" (Pl.'s Compl. at 1) is insufficient to create federal question jurisdiction.  As the Fourth Circuit has explained: "To sustain [federal question jurisdiction], the complaint must . . . contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect.  Mere conclusory allegations in the complaint are insufficient to support jurisdiction."  *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973) (internal quotations and citations omitted).  Moreover, Mr. Croslin explicitly suggests in his opposition that his claim arises under state law, not federal law.  (Pl.'s Opp. at 1-2.)  Accordingly, subject matter jurisdiction is not appropriate here on the basis of a federal question.